# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERNEST WEBBER,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : 　3:09-cv-745 (WWE) |
| MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br>　　Defendant. | :<br>:<br>:<br>: |

## RULING ON PLAINTIFF'S OBJECTION TO
## MAGISTRATE JUDGE'S RECOMMENDED RULING

By this action, plaintiff Ernest Webber seeks review of the final decision by the Commissioner of Social Security denying him disability insurance benefits under the Social Security Act. On April 7, 2011, Magistrate Judge Holly B. Fitzsimmons issued a ruling (Doc. #21) recommending that the Court deny plaintiff's motion to reverse the decision of the Commissioner or, in the alternative, to remand for a new hearing and that the Court grant defendant's motion to affirm the decision of the Commissioner. Plaintiff has filed an objection (Doc. #22) to Magistrate Judge Fitzsimmons' recommended ruling which is now pending before the Court.[1] For the reasons that follow, plaintiff's objection will be overruled; Magistrate Judge Fitzsimmons' recommended ruling will be adopted; plaintiff's motion to reverse the Commissioner's decision will be denied; and defendant's motion to affirm the Commissioner's decision will be granted.

---

[1] Plaintiff's objection was filed more than fourteen days after the filing of the recommended ruling – after the deadlines proscribed by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 had passed. Although the Court may dismiss the objection on these grounds, in light of plaintiff's pro se status, the Court will consider plaintiff's objection as if it were timely. To date, defendant has not filed a response to plaintiff's objection.

1

## BACKGROUND

Plaintiff, appearing pro se, objects to the Magistrate Judge's recommended ruling because of the physical pain that he incurs. In addition, he states that he has not had an occasion to submit his version of the events to the Court.

Because plaintiff does not dispute Magistrate Judge Fitzsimmons' recitation of the relevant facts from the record, the Court will not repeat them here.

## DISCUSSION

A magistrate judge's ruling on a dispositive matter is reviewed by the district judge de novo. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The court may adopt, reject or modify, in whole or in part, a magistrate judge's recommended ruling. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

The scope of review of a social security disability determination involves two levels of inquiry. The court must first decide whether the Commissioner applied the correct legal principles in making the determination. Next, the court must determine whether the determination is supported by substantial evidence. See Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact. Gonzalez v. Apfel, 23 F. Supp. 2d 179, 189 (D. Conn. 1998). The court may not decide facts, reweigh evidence or substitute its judgment for that of the Commissioner. Dotson v. Shalala, 1 F.3d 571, 577 (7th Cir. 1993). The court must review the entire

record to determine the reasonableness of the ALJ's factual findings.  Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998).  "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

Under the Social Security Act, every individual with a disability is entitled to disability insurance benefits.  See 42 U.S.C. § 423(a)(1).  "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

Plaintiff has had an opportunity to present his arguments to the Court.  Plaintiff filed his motion, and Magistrate Judge Fitzsimmons appropriately considered his evidence.  Plaintiff complains that he was not contacted by the Court to present his argument.  This case can be and was properly decided on the papers without the need for an appearance by the parties.

After reviewing the Magistrate Judge's recommended ruling as well as the parties' submissions, the Court finds that there is substantial evidence to support the ALJ's findings.  Therefore, plaintiff's objection will be overruled.

## CONCLUSION

For the foregoing reasons, plaintiff's objection to Magistrate Judge Fitzsimmons' recommended ruling are OVERRULED (Doc. #22); Magistrate Judge Fitzsimmons' recommended ruling is APPROVED and ADOPTED (Doc. #21); plaintiff's motion is DENIED (Doc. #16); and defendant's motion is GRANTED (Doc. #19). The decision of the Commissioner is hereby affirmed. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 5th day of May, 2011.

/s/
Warren W. Eginton
Senior United States District Judge